UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:23-cv-00732-CJC-SHK | Date: | October 4, 2023 |
|---|---|---|---|
| Title: | *Kevin Allessee v. William Quon, et al.* | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS UNTIMELY**

**PROCEDURAL HISTORY AND BACKGROUND**

On January 31, 2023, Plaintiff filed a one page document styled as a complaint ("Complaint" or "Compl.") and stated that it related to events that occurred in February 2017. Electronic Case Filing Number ("ECF No."), 1, Compl.  Plaintiff identified two defendants, William Quon and Agnes Quon (the "Quons"), and stated he would file an amended complaint the following day.  Id.  On that same day, Plaintiff filed a request to proceed in forma pauperis ("IFP Request").  ECF No. 3, IFP Request.  Plaintiff filed an amended complaint ("Amended Complaint" or "Am. Compl.") on February 1, 2023.  ECF No. 5, Am. Compl.  In the Amended Complaint, Plaintiff appears to allege facts related to an eviction from a property that occurred in 2018 and is a re-filing of a case that was previously dismissed.  Id. at 1.  In addition to the Quons, Plaintiff identified more than four Does at the Los Angeles Police Department ("L.A.P.D.") as having "operated in conspiracy to violate [Plaintiff's] rights" by "unlawfully arrest[ing]" and evicting him.[1]  Id. at 2, 5.

Following unsuccessful attempts by the Court to obtain additional information from Plaintiff to rule on Plaintiff's IFP Request, the Court issued an Order Dismissing Action Without

---

[1] Plaintiff alleges that he brings his claim under 18 U.S.C. § 241, which is a federal criminal statute.  ECF No. 5, Am. Compl. at 6.  Construing the Amended Complaint liberally, as the Court is required to do, see Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012), the Court interprets Plaintiff's allegations of "unlawful arrest" against L.A.P.D. to indicate that Plaintiff brings his claims pursuant to 18 U.S.C. § 1983 ("§ 1983").

Prejudice ("Dismissal Order") on March 29, 2023.  ECF No. 9, Dismissal Order.  On June 23, 2023, Plaintiff filed an application to reopen the case.  ECF No. 10.  The Court granted Plaintiff's request to reopen the case and ordered Plaintiff to submit information that the Court requested regarding his IFP Request by September 4, 2023 ("Reopening Order").  ECF No. 11, Reopening Order.  Plaintiff filed several declarations ("Declaration" or "Decl.") clarifying events in the Amended Complaint and attesting to his financial status.  ECF Nos. 12-16.  The Court granted Plaintiff's IFP Request on September 29, 2023.  ECF No. 17.

## RELEVANT LAW

"A court may consider affirmative defenses, such as the statute of limitations, when screening a complaint for failure to state a claim under 28 U.S.C § 1915A."  Anderson v. San Bernadino County, Case No. 5:22-cv-02125-JAK-KES, 2023 WL 3568675, at *1 (C.D. Cal. May 19, 2023).  "If a complaint appears to fail to state a claim based on the statute if limitations, then the screening court must allow the plaintiff to present arguments that the statute of limitations either has not run or that tolling applies."  Id. (citing Cooper v. Nielson, 194 F.3d 1316, 1316 (9th Cir. 1999)).

Federal law does not provide a specific statute of limitations for § 1983 actions.  Instead, the limitation period is adopted from the forum state.  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009).  The forum state in this action is California, which allows plaintiffs two years to file an action for personal injury, which include lawsuits filed under § 1983.  Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012); Cal. Code Civ. Proc. § 335.1.

The limitations period runs when the claim accrues, which beings "when [the Plaintiff] knew of his injury."  Hubbs v. Sheriff of San Bernadino County, 110 F.3d 68, 68 (9th Cir. 1997) (affirming dismissal of a § 1983 action alleging unlawful arrest as time barred).

However, under California Code of Civil Procedure § 352.1 ("§ 352.1"), if the plaintiff was imprisoned on a criminal charge or serving a criminal sentence shorter than a life sentence when the alleged incidents underlying the lawsuit occurred, then the time period during which plaintiff is imprisoned is "not part of the time limited for the commencement of the action, not to exceed two years."  Cal. Code Civ. Proc. § 352.1(a); see also Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules to the extent those rules are not inconsistent with federal law).  A § 1983 plaintiff entitled to tolling under § 352.1 generally has four years from the date of accrual of an alleged constitutional violation to file a lawsuit.  See Gosztyla v. French, 2:21-cv-1403-DJC-EFB, 2023 WL 5021313, at *4 (E.D. Cal. Aug. 7, 2023) (§ 1983 claim not tolled by § 352.1 because plaintiff was not imprisoned at the time his claim accrued); see also Anderson, 2023 WL 3568675, at *1.

## ANALYSIS

In the Amended Complaint, Plaintiff alleges that "the suit/complaint filed herein pertains to events that happened exactly five years ago on February [1, 2018]."  ECF No. 5, Am. Compl. at 2.  The events underlying Plaintiff's claims therefore accrued on February 1, 2018, and Plaintiff had until February 1, 2020, two years later, to file his suit.  Plaintiff filed his Complaint,

however, on January 31, 2023, which was nearly three years after February 1, 2020. ECF No. 1, Compl. Thus, Plaintiff's claims are potentially time barred and subject to dismissal unless he is entitled to tolling. See Anderson, 2023 WL 3568675, at *2.

Here, Plaintiff states that he learned "there are statutory tolls to the statute of limitations . . . such as being in unlawful custody for months [due to the] cases that [Plaintiff] beat caused by the perpetuators mentioned," i.e., the Quons and L.A.P.D. ECF No. 13, Decl. at 2. Although Plaintiff appears to suggest that his claims are tolled by any time he spent in "unlawful custody," Plaintiff would not be entitled to tolling under Cal. Code Civ. Proc. § 352.1 because he was not imprisoned or in custody when his cause of action accrued. See Gosztyla, 2023 WL 5021313, at *4; see also Anderson, 2023 WL 3568675, at *2. In any event, Plaintiff's claims would be tolled under § 352.1 by a maximum of two years, giving Plaintiff until February 1, 2022 to bring his claims. However, Plaintiff filed this lawsuit nearly one year after any hypothetically tolled limitations period, on February 1, 2023. ECF No. 1, Compl. As such, Plaintiff has not shown he is entitled to tolling under § 352.1.

Giving Plaintiff the benefit of the doubt, however, before dismissing this action as untimely, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, by **October 18, 2023**, why this action should not be dismissed as time-barred. **Plaintiff is cautioned that failure to timely respond to this OSC will result in the matter being dismissed, with or without prejudice, as untimely and/or for failure to prosecute and follow Court orders.**

**IT IS SO ORDERED.**