UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLESEE,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM QUON, et al.<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-00732-CJC- SHK<br><br>**ORDER DISMISSING COMPLAINT** |

## I. BACKGROUND

On January 31, 2023, plaintiff Kevin Allesee ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a one-page document styled as a complaint ("Complaint" or "Compl.") against William Quon and Agnes Quon (the "Quons"). Electronic Case Management Number ("ECF No.") 1, Compl. On that same day, Plaintiff filed a Request to Proceed IFP ("IFP Request"). ECF No. 3, IFP Request.

On February 1, 2023, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 5, FAC. In the FAC, Plaintiff appears to allege facts related to an eviction from a property that occurred in February 2018 and is re-filing of a case that was previously dismissed. Id. at 1. In addition to the Quons, Plaintiff identified more than four Doe defendants at the Los Angeles Police Department ("LAPD") (collectively with the Quons, "Defendants") as having "operated in a

1  conspiracy to violate [Plaintiff's] rights" by "unlawfully arrest[ing]" and evicting
2  him.¹  Id. at 2, 5.
3        Following unsuccessful attempts by the Court to obtain additional
4  information from Plaintiff to rule on his IFP Request, the Court issued an Order
5  Dismissing Action Without Prejudice ("Dismissal Order") on March 29, 2023.
6  ECF No. 9, Dismissal Order.  On June 23, 2023, Plaintiff filed an application to
7  reopen the case.  ECF No. 10.  The Court granted Plaintiff's request to reopen the
8  case and ordered Plaintiff to submit information by September 4, 2023 to rule on
9  his IFP Request ("Reopening Order").  ECF No. 11, Reopening Order.  Plaintiff
10 then filed several declarations ("Declaration" or "Decl.") clarifying events in the
11 FAC and attesting to his financial status.  ECF Nos. 12-16.  The Court granted
12 Plaintiff's IFP Request on September 29, 2023.  ECF No. 17.
13       On October 4, 2023, the Court issued an Order to Show Cause Why The
14 Matter Should Not Be Dismissed As Untimely ("OSC").  ECF No. 19, OSC.  In
15 the OSC, the Court explained that the statute of limitations for § 1983 actions is
16 two years, and that Plaintiff's claims of being in "unlawful custody" tolled
17 Plaintiff's claims at most by an additional two years under California Code of Civil
18 Procedure § 352.1 ("§ 352.1").  Id. at 2.  The Court raised the issue that "[t]he
19 events underlying Plaintiff's claims [] accrued on February 1, 2018," but Plaintiff
20 did not file his suit until "nearly three years after" the statute of limitations ran.  Id.
21 at 1-2 (emphasis in the original).  The Court further informed Plaintiff that he
22 "would not be entitled to tolling under [§ 352.1] because he was not imprisoned or
23 in custody when his cause of action accrued," and "Plaintiff filed his suit nearly
24 one year after any hypothetically tolled limitations period" anyways.  Id. at 3.

---

¹ Plaintiff alleges that he brings his claim under 18 U.S.C. § 241, which is a federal criminal statute.  ECF No. 5, FAC at 6.  Construing the FAC liberally, as the Court is required to do, see Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012), the Court interprets Plaintiff's allegations of "unlawful arrest" against LAPD to indicate that Plaintiff brings his claims pursuant to 18 U.S.C. § 1983 ("1983").

2

1  Thus, the Court ordered Plaintiff to show cause, in writing, why the action should
2  not be dismissed as time barred.  Id.
3       On October 4, 2023, Plaintiff filed a declaration stating that he "think[s] the
4  reasoning in the [OSC] violates even [his] [F]irst-Amendment-right" and that he
5  "object[s] to the" OSC and "will maybe even appeal" it.  ECF No. 21.  On October
6  18, 2023, Plaintiff filed a second declaration ("Declaration re OSC"), emphasizing
7  that he "mentioned February 1st of 2018 as a significant date as well as other dates
8  relevant to the causes of action[.]"  ECF No. 23, Declaration re OSC at 2.  Plaintiff
9  characterized the OSC as "another unjust attempt to dismiss this case" and
10 "appl[ied] for an OSC . . . requesting exactly which document was used as the
11 source for the allegation of a cause-of-action being time barred."  Id. at 2.

## II. LEGAL STANDARD

13 "A court may consider affirmative defenses, such as the statute of
14 limitations, when screening a complaint for failure to state a claim under 28 U.S.C
15 § 1915A."  Anderson v. San Bernadino County, Case No. 5:22-cv-02125-JAK-
16 KES, 2023 WL 3568675, at *1 (C.D. Cal. May 19, 2023).  "If a complaint appears
17 to fail to state a claim based on the statute of limitations, then the screening court
18 must allow the plaintiff to present arguments that the statute of limitations either
19 has not run or that tolling applies."  Id. (citing Cooper v. Nielson, 194 F.3d 1316,
20 1316 (9th Cir. 1999)).
21      Federal law does not provide a specific statute of limitations for § 1983
22 actions.  Instead, the limitation period is adopted from the forum state.  Douglas v.
23 Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009).  The forum state in this action is
24 California.  California law allows plaintiffs two years to file an action for personal
25 injury, which include lawsuits filed under § 1983.  Pouncil v. Tilton, 704 F.3d 568,
26 573 (9th Cir. 2012); Cal. Code Civ. Proc. § 335.1.
27      The limitations period runs when the claim accrues, which beings "when
28 [the Plaintiff] knew of his injury."  Hubbs v. Sheriff of San Bernadino County, 110

3

F.3d 68, 68 (9th Cir. 1997) (affirming dismissal of a § 1983 action alleging unlawful arrest as time barred).

However, under California Code of Civil Procedure § 352.1 ("§ 352.1"), if the plaintiff was imprisoned on a criminal charge or serving a criminal sentence shorter than a life sentence when the alleged incidents underlying the lawsuit occurred, then the time period during which plaintiff is imprisoned is "not part of the time limited for the commencement of the action, not to exceed two years." Cal. Code Civ. Proc. § 352.1(a); see also Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules to the extent those rules are not inconsistent with federal law). A § 1983 plaintiff entitled to tolling under § 352.1 generally has four years from the date of accrual of an alleged constitutional violation to file a lawsuit. See Gosztyla v. French, 2:21-cv-1403-DJC-EFB, 2023 WL 5021313, at *4 (E.D. Cal. Aug. 7, 2023) (§ 1983 claim not tolled by § 352.1 because plaintiff was not imprisoned at the time his claim accrued); see also Anderson, 2023 WL 3568675, at *1.

### III.   DISCUSSION

Here, in the FAC, Plaintiff alleges that "the suit/complaint filed herein pertains to events that happened exactly five years ago on February [1, 2018]." ECF No. 5, FAC at 2. Plaintiff reiterated as much in his Declaration re OSC. See ECF No. 23, Declaration re OSC at 2 ("February 1st of 2018 [is] a significant date"). Although Plaintiff "mentions" "other dates relevant to the causes of action," see id., Plaintiff has failed to specify the relevant dates, the events that occurred on those dates, and how those events relate to his "causes of action." The only relevant date the Court can discern from Plaintiff's papers is February 1, 2018. The events underlying Plaintiff's claims therefore accrued on February 1, 2018, and Plaintiff had until February 1, 2020, two years later, to file his suit. Plaintiff filed his Complaint, however, on January 31, 2023, which was nearly three years after February 1, 2020. See ECF No. 1, Compl. Thus, Plaintiff's

4

claims are time barred and subject to dismissal unless he is entitled to tolling. See Anderson, 2023 WL 3568675, at *2.

      Plaintiff states that he learned "there are statutory tolls to the statute of limitations . . . such as being in unlawful custody for months [due to the] cases that [Plaintiff] beat caused by the perpetuators mentioned," i.e., the Quons and LAPD. ECF No. 13, Decl. at 2.  Although Plaintiff appears to suggest that his claims are tolled by any time he spent in "unlawful custody," Plaintiff is not entitled to tolling under Cal. Code Civ. Proc. § 352.1 because he was not imprisoned or in custody when his cause of action accrued.  See Gosztyla, 2023 WL 5021313, at *4; see also Anderson, 2023 WL 3568675, at *2.  In any event, Plaintiff's claims would be tolled under § 352.1 by a maximum of two years, giving Plaintiff until February 1, 2022 to bring his claims.  However, Plaintiff filed this lawsuit nearly one year after any hypothetically tolled limitations period, on February 1, 2023.  See ECF No. 1, Compl.  As such, Plaintiff has not shown he is entitled to tolling under § 352.1.

      Accordingly, because Plaintiff's claims are barred by the statute of limitations, and because Plaintiff has failed to adequately address this issue in response to the OSC, the Court DISMISSES this case, with prejudice.

## IV.   ORDER

      Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case with prejudice.

DATED: 10/23/2023

HON. CORMAC J. CARNEY
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

5